## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into effective the 26th day of April, 2024 (the "Effective Date"), by and between **Northwoods Lumber Company** ("Northwoods"), a Minnesota corporation with a principal office located at 25778 Hwy 71 NE, Blackduck, MN 56630, and **Windsong Contracting, LLC,** ("Windsong") a North Dakota limited liability company with a principal office located at 13683 Mulberry Loop NW, Williston, ND 58801. (Collectively Northwoods and Windsong are referred to herein as the "Parties").

## RECITALS

WHEREAS, Northwoods and Windsong entered into an agreement wherein Northwoods would provide certain lumber and other goods to Windsong in return for payment by Windsong to Northwoods for the goods provided.

WHEREAS, Northwoods filed a lawsuit in North Dakota state court, Northwest Judicial District, captioned *Northwoods Lumber Company v. Windsong Contracting, LLC, and Michael Dolbec*, Case No. 53-2023-CV-00752 (the "Lawsuit"). In this lawsuit, Northwoods alleged that Windsong breached the agreement by failing to pay for the goods received in the sum of $171,113.99. Windsong denies what Northwoods says.

WHEREAS, in the Lawsuit Windsong counterclaimed against Northwoods alleging that Northwoods breached the agreement by failing to sale the goods to Windsong at Menards® pricing and by Northwoods failing to provide an 11% rebate to Windsong for certain OSB goods as agreed. Northwoods denies what Windsong says.

WHEREAS, the Lawsuit is set for a two-day trial by jury to begin August 19, 2024, before the Hon. Benjamen J. Johnson.

WHEREAS, the Parties have entered settlement negotiations and have agreed to amicably resolve their differences to avoid the cost of future litigation. Therefore, the Parties hereby enter this Agreement freely and voluntarily pursuant to the terms more fully described below.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree to resolve the claims between them on the following terms:

1.  **Payment**. Windsong agrees to pay the sum of Eight-Two Thousand Five Hundred Dollars and 0/100 Cents ($82,500.00) (the "Payment Amount") to Northwoods to fully and finally resolve the Lawsuit between the Parties. Upon the execution of this Agreement, Windsong shall make five (5) monthly payments in equal installments of Sixteen Thousand Five

1

Dollars and 0/100 Cents ($16,500.00) until the balance is paid in full pursuant to the below payment schedule:

| Payment Schedule: | Due Date: |
|---|---|
| First Monthly Payment: | On or before May 23, 2024. |
| Second Monthly Payment: | On or before June 23, 2024. |
| Third Monthly Payment: | On or before July 23, 2024. |
| Fourth Monthly Payment: | On or before August 23, 2024. |
| Fifth Monthly Payment: | On or before September 23, 2024. |

Windsong has the right to make any prepayments or additional payments, including payment in full, at its discretion and without penalty. Any such prepayments or additional payments do not advance the next payment due date unless confirmed in writing by Northwoods at its sole discretion.

2.  **Method of Payment.** Payments shall be by certified check(s), cashier's check(s), wire transfer, Automated Clearing House ("ACH"), or other similar guaranteed payment acceptable to Northwoods. The draft(s) shall be made payable to **"Northwoods Lumber Company"** and shall be delivered to Northwoods at 25778 Hwy 71 NE, Blackduck, MN 56630.

To be considered timely, the envelope bearing payment must show a duly issued postmark on or before the due date. To the extent that a due date under this Agreement falls on a weekend or a national holiday, or if the U.S. Postal Service is closed for weather or other unforeseen circumstances, the due date shall be extended to the next business day.

3.  **Failure to Make Timely Payment.** In the event Windsong fails to make payment as agreed in accordance with the terms of this Agreement, Northwoods shall be entitled to a late penalty in the amount of Fifty Dollars and 0/100 Cents ($50.00) per day until such time as Windsong becomes current on its payment obligation. Additionally, Northwoods shall be entitled to 6% interest on any outstanding amount not timely paid by Windsong. If Northwoods claims that Windsong has failed to make timely payment as agreed, it shall provide Windsong with notice of its default within ten (10) days of the date payment was due and owing.

The Parties agree and understand that no interest shall accrue on the Payment Amount if Windsong makes timely payment in accordance with the terms of this Agreement.

4.  **Dismissal of Pending Lawsuit.** For the good and valuable consideration set forth herein, the Parties agree to stipulate to the dismissal of the Lawsuit, without prejudice, with the Parties bearing their own costs, disbursements, and fees on such terms and with such language to be determined by the Parties' counsel.

5.  **Right to Proceed with Lawsuit if Payment not Made.** In the event Windsong fails to make timely payment, in full, and in accordance with the terms of this Agreement, plus any interest or fees incurred, if any, within nine (9) months from the Effective Date, Northwoods reserves the right to refile and proceed with the Lawsuit upon giving fifteen (15) days written

2

notice to Windsong. If Northwoods decides to exercise this right to proceed, all payments made by Windsong to Northwoods under this Agreement, including any interest or late fees, shall be applied to any liability found to be owed by Windsong to Northwoods or, in the alternative, reimbursed to Windsong by Northwoods should Northwoods be found to be liable to Windsong. The Parties agree that this Agreement, and proof of payments under this Agreement, shall be a full and complete defense to the Lawsuit should Northwoods proceed with the refiling of the Lawsuit.

6. **Payment is a Non-Dischargeable Debt.** The Parties agree and understand that this Agreement is a compromise of the claims the Parties have alleged against the other and that Northwoods would be harmed if the agreed payment is discharged in a bankruptcy proceeding. Accordingly, the Parties agree that the agreed payment is non-dischargeable in bankruptcy under 11 U.S. Code § 523(a).

7. **Mutual Release**. The Parties, including their agents, representatives, heirs, successors, assigns, executors, administrators, and anyone else acting or claiming to act on their behalf, acknowledge that in exchange for the considerations set forth above, the sufficiency of which is hereby acknowledged, the Parties mutually release and forever discharge each other, and all persons acting by, through, under, or in concert with them or any of them from any and all charges, claims, demands, liabilities, obligations, agreements, losses, demands, damages, rent, costs, debts and expenses (including all claims for attorney's fees and costs), suits, causes of actions, cross-claims, counterclaims, or other claims, whether known or unknown, which arose prior to the date of execution of this Agreement, and whether asserted or unasserted, direct, or indirect and of any kind, nature, or description whatsoever under any state or federal law which the Parties have ever had, may now have, or ever shall or may have or claim to have against each other, or any of them, by reason of any matter, act or thing occurring on or prior to the Effective Date.

This mutual release applies to any and all such claims, whether known or unknown to the Parties at this time. The Parties acknowledge and agree that the release and discharge set forth above is a general release. The Parties expressly waive and assume the risk of any and all claims for damages that exist as of this date, but of which the Parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the decision to enter into this Agreement. Furthermore, all rights the Parties may have under Section 9-13-02 of the North Dakota Century Code are expressly waived. Section 9-13-02 states:

> Extension to known claims. A general release does not extend to claims which the creditor does not know or suspect to exist in the creditor's favor at the time of executing the release, which if known by the creditor, must have materially affected the creditor's settlement with the debtor.

This Agreement does not extend to rights, remedies, claims, or causes of action arising out of acts occurring after the execution of this Agreement including, but not limited to, the enforcement of this Agreement.

8. **Notices.** Any notices, payments, or communications pursuant to this Agreement shall be delivered to the respective Party using the following contact information:

| | |
|---|---|
| **To Northwoods Lumber Company:** | 25778 Hwy 71 NE<br>Blackduck, MN 56630 |
| **To Windsong Contracting, LLC:** | P.O. Box 11244<br>Williston, ND 58801 |

Any notice required under this Agreement will be deemed received three (3) days after being deposited with the United States Postal Service, certified or registered mail, or other mail courier.

Any changes to the contact information in this Paragraph 8 must be communicated in writing. A notice or other mailing under this Agreement is considered effective if mailed to the address identified in this Paragraph 8 unless a written change in address has been sent to the other party no less than thirty (30) days prior to the effective date of any obligation under this Agreement.

9. **Time is of the Essence.** The Parties agree and acknowledge that time is of the essence for all provisions within this Agreement.

10. **Voluntary and Informed Assent.** The Parties represent and agree that they each have read and fully understand this Agreement, that they are fully competent to enter into and sign this Agreement, and that they are executing this Agreement voluntarily, free of any duress or coercion.

11. **No Assignment.** This Agreement is personal to the Parties. No Party may assign or delegate any rights or obligations hereunder without the written consent of all other Parties to this Agreement.

12. **Necessary Actions.** The Parties will take all reasonable actions and execute all documents necessary to effectuate the transactions contemplated and terms contained within this Agreement.

13. **Choice of Law and Forum Selection.** This Agreement is governed in all respects under the laws of the State of North Dakota and any claim to enforce this Agreement shall be brought in the appropriate State or Federal Court within the State of North Dakota. The Parties hereby consent to jurisdiction and venue being in the State of North Dakota, County of Williams.

14. **Counterparts.** This Agreement may be signed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile transmission, Portable Document Format ("PDF"), or other reliable electronic transmission of the Agreement shall be deemed an original.

15. **Legal Representation**. The Parties represent that they have consulted with legal counsel or had the opportunity to consult with legal counsel and have waived that right, concerning the effect and significance in entering into this Agreement. The Parties further represent they have read, understood, and agreed to the terms and conditions and have received a copy thereof. No Party is relying upon any representation or information of an adverse party in agreeing to this Agreement.

16. **Construction**. This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against one Party.

17. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties. The Parties rely upon no other verbal or written representations or statements made prior to or contemporaneous with the execution of this Agreement. In the event of any conflict between this Agreement and any other verbal or written representations or statements made prior to or contemporaneous with this Agreement, this Agreement shall control.

18. **No Waiver**. No failure to exercise and no delay in exercising any right, power or remedy under this Agreement shall impair any right, power or remedy which any party may have, nor shall such delay be construed to be a waiver of any such rights, powers or remedies or an acquiescence in any breach or default under this Agreement, nor shall any waiver of any breach or default of any Party be deemed a waiver of any default or breach subsequently arising.

19. **Enforcement**. This Agreement shall not be filed with a Court of competent jurisdiction unless or until an alleged violation occurs and the enforcement of any provision contained herein is required. It is specifically agreed that in the event of any legal proceeding against either party concerning any claim released herein, this Agreement shall serve as a full and complete defense to any such proceeding.

20. **Miscellaneous**. This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties. All recitals stated above are incorporated and made a part of this Agreement. Any provision of this Agreement held or determined by a court (or other legal authority) of competent jurisdiction to be illegal, invalid, or unenforceable in any jurisdiction shall be deemed separate, distinct and independent, and shall be ineffective to the extent of such holding or determination without (i) invalidating the remaining provisions of this Agreement in that jurisdiction; or (ii) affecting the legality, validity or enforceability of such provision in any other jurisdiction.

21. **Denial of Liability or Responsibility**. The Parties agree and stipulate that they are entering into this Agreement to avoid the costs and expense of future litigation and to resolve disputed claims. Nothing in this Agreement shall be in any way construed as an admission by any of the Parties of any violation or obligation arising from contract, tort, federal, state, or local law, ordinance or regulation or of any liability or responsibility, said wrongdoing, liability, and responsibility being expressly denied.

BY THEIR SIGNATURE TO THIS AGREEMENT, the Parties indicate that they have read this Agreement and/or had this agreement translated into a language they are familiar with,

5

that they have had this Agreement fully explained to them by counsel of their choosing, or have waived that right, and that they voluntarily and knowingly enter into this agreement.

Dated this 24 day, of April, 2024.

                                              **WINDSONG CONTRACTING, LLC**

By: _____
      Michael Dolbec

Its: President

    Subscribed before me by Windsong Contracting, LLC's duly authorized representative, Michael Dolbec, a person who is known to me, on this 24 day of April, 2024.

Kimberley Snyder
Notary Public
State of North Dakota
My Commission Expires October 27, 2024

_____
NOTARY PUBLIC

Dated this ____ day, of April, 2024.

                                              **NORTHWOODS LUMBER COMPANY**

By: _____

Its: _____

    Subscribed before me by Northwoods Lumber Company's duly authorized representative, _____, a person who is known to me, on this ___ day of April, 2024.

_____
NOTARY PUBLIC

that they have had this Agreement fully explained to them by counsel of their choosing, or have waived that right, and that they voluntarily and knowingly enter into this agreement.

Dated this \_\_\_\_ day, of April, 2024.

                                    **WINDSONG CONTRACTING, LLC**

                                    By: _____
                                           Michael Dolbec

                                    Its: President

Subscribed before me by Windsong Contracting, LLC's duly authorized representative, Michael Dolbec, a person who is known to me, on this \_\_\_ day of April, 2024.

                                    _____
                                    NOTARY PUBLIC

Dated this 26th day, of April, 2024.

                                    **NORTHWOODS LUMBER COMPANY**

                                    By: *[signature]*

                                    Its: President

Subscribed before me by Northwoods Lumber Company's duly authorized representative, Daryl Lundberg, a person who is known to me, on this 26th day of April, 2024.

*[Notary seal: PAIGE IRENE WATSON, NOTARY PUBLIC - MINNESOTA, MY COMMISSION EXPIRES 01/31/25]*

                                    *[signature]*
                                    NOTARY PUBLIC